SUPREME COURT OF ARIZONA

LIANE BRECKLING,

                Plaintiff/Appellant,

              v.

ARTURO HERNANDEZ, et al.,

                Defendants/Appellees.

) Arizona Supreme Court
) No. CV-24-0087-AP/EL
)
) Maricopa County
) Superior Court
) No. CV2024-008720
)
)
) **FILED 05/07/2024**

**DECISION ORDER**

On April 29, 2024, Appellant/Plaintiff/Challenger Breckling filed a timely Notice of Appeal. On April 30, 2024, Cochise County filed a "Notice of Appearance and Notice of Cochise County's Ballot Printing Deadline" advising the Court of the need to decide this matter no later than May 7, 2024. The parties agreed to an expedited stipulated briefing schedule and submitted simultaneous briefs. Upon consideration of the briefs filed by Challenger and by Appellee/Defendant Candidate Hernandez, along with the record in this matter, a panel, consisting of Justices Bolick, Montgomery, Beene and King finds as follows.

On April 25, 2024, the trial court conducted a trial in this expedited election challenge. The parties have stipulated that pertinent to the appeal, two circulators—Humphries and Thompson—did not register as circulators for candidate Hernandez but did register for other candidates. Challenger contends that these circulators' signatures must be stricken because the circulators did not comply

with the statutory registration requirements of A.R.S. §§ 16-315(D)("Circulators who are not residents of this state must be registered as circulators with the Secretary of State before circulating petitions . . . the Secretary of State shall establish in the instructions and procedures manual issued pursuant to § 16-452 a procedure for registering circulators and receiving service of process.") and 16-321(D) (requiring that a circulator who is not a resident of this state "shall register as a circulator with the secretary of state").

The Election Procedures Manual ("EPM") and Secretary's portal and training guide direct registering out-of-state circulators to provide certain identifying information including name, telephone number, email address, and address for service of process. Additionally, "[o]nce a circulator is properly registered, the circulator must select in the Circulator Portal the petition(s) they will circulate (by serial number and/or candidate name.)" EPM Chapter 6 Sec. II (C).

With respect to the statutory requirements for registration of out-of-state nomination petition circulators, the trial court observed:

> A.R.S. § 16-315(D) provides that non-resident circulators must register. The statute does not require that non-resident circulators register for a specific candidate. In other contexts, the Legislature has required discrete registrations for specific petition issues. See A.R.S. § 19-118(A); *Leibsohn v. Hobbs*, 254 Ariz. 1, 6-7, ¶ 20 (2022)

(reviewing statewide initiative and referendum petitions). The requirements for candidate petitions [are] different than for ballot measures. *See Powers v. Carpenter*, 203 Ariz. 116, 118, ¶ 10 (2002) (refusing to apply statute governing ballot measure petitions to candidate nomination petitions); *Morales v. Archibald*, 246 Ariz. 398, 401, ¶ 12 (2019) (declining to "conflate[] the process for recalls with those for initiatives and referenda").

As for the role of the EPM, the trial court noted:

The Legislature has authorized the Secretary to "establish . . . a procedure for registering circulators" through the Elections Procedures Manual ("EPM"), *see* A.R.S. § 16-315(D). The EPM does not expressly instruct that separate, per-candidate registrations are a prerequisite to the associated signatures' substantive validity. *See* EPM Chapter 6, sec. 2 subsec. (C). Even if that were true, the statute does not contain a requirement that circulators register for a particular candidate. *Cf. Leach v. Hobbs*, 250 Ariz. 572, 576, ¶¶ 20–21 (2021) (EPM's creation of a de-registration process for ballot measure circulators could not affect the circulators' statutory responsibilities or the legal sufficiency of underlying signatures). The EPM confirms that circulators who are not residents of Arizona must register with the Secretary of State "*prior to circulating*: . . . *a candidate petition* in any Arizona jurisdiction (statewide, county, city, or town)." *See* EPM Chapter 6, sec. 2 subsec. (B) (emphasis added). Failure to do so invalidates the signatures collected by the circulator prior to registration. Here, Plaintiff has not provided evidence that either Mr. Humphries or Mr. Thompson circulated any petitions before registering.

We concur in the trial court's assessment of A.R.S. § 16-315(D) and the EPM. Accordingly, Humphries and Thompson complied with the requirements for the registration of out-of-state circulators and thus there is no need to address whether they "substantially complied." *See e.g., Feldmeier v. Watson*, 211 Ariz. 444, 447 ¶ 14

(2005) (discussing "the nature of . . . statutory requirements, the extent to which the petitions differ from the requirements, and the purpose of the requirements" in determining whether initiative petitions substantially complied with a statute). Consequently, Objection No. 11 provides no basis for invalidating signatures.

**IT IS ORDERED** affirming the trial court decision and directing that the counties include candidate Arturo Hernandez on the ballot.

DATED this 7th day of May, 2024.

_____/s/_____
CLINT BOLICK
Justice

TO:
Brian M McIntyre
Roy Herrera
Daniel A Arellano
Jillian Andrews
Austin T Marshall
Elisabeth C Frost
Omeed Alerasool
Kory A Langhofer
Thomas J Basile
Kara Karlson
Karen J Hartman-Tellez
Kyle R Cummings
Celeste M Robertson
Christine Roberts
Paul Correa
Rose Winkeler
Jeff Dalton
Jean Anne Roof
Gary Griffith
Scott Adams
Rachel F Shackelford
Joseph Eugene La Rue
Jack O'Connor
Rosa Aguilar
Ryan Henry Esplin
Jason Mitchell
Jason S Moore
Daniel S Jurkowitz
Ellen Ridge Brown
Javier Adalberto Gherna
Craig C Cameron
Scott Matthew Johnson
Jim Mitchell
Ian Daranyi
Kimberly J Hunley
William Moran
Robert F May
Thomas M Stoxen
Michael J Gordon
William J Kerekes
Jessica Holzer
Hon Danielle J Viola
Hon Jeff Fine
Alberto Rodriguez